**AVYNO LAW P.C.**
Jennifer H. Hamilton, Esq. (SBN 220439)
Email: jhh@avynolaw.com
Jan A. Sundberg, Esq. (SBN 169186)
Email: jas@avynolaw.com
Shawn B. Hussain, Esq. (SBN 315872)
Email: sbh@avynolaw.com
6345 Balboa Blvd., Suite 312, Building I
Encino, CA 91316
Tel.: (818) 654-8840
Fax: (818) 332-4205

Attorneys for Plaintiff X-Naut LLC

**UNITED STATES DISTRICT COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | |
|---|---|
| X-Naut LLC, a California limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>Bluebird Aero LLC, a California limited liability company, and DOES 1 through 25<br><br>Defendant. | **CASE NO.:**<br><br>**COMPLAINT FOR PATENT INFRINGEMENT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff X-Naut LLC ("X-Naut" or "Plaintiff") brings this action against Defendant Bluebird Aero LLC ("Bluebird" or "Defendant") for an injunction, damages, and other appropriate relief to stop Bluebird from violating X-Naut's patent rights. X-Naut states and alleges as follows:

## THE PARTIES

1. X-Naut LLC is a limited liability company organized and existing under the laws of the State of California having its principal place of business at 1332 Gladys Avenue, Long Beach, California 90804.

2. X-Naut is a market leader in the design, manufacture, and sale of portable electronic cooling cases for portable electronic devices.

3. Bluebird Aero LLC is a limited liability company organized and existing under the laws of the State of California having its principal place of business at 230 Surf St., Pismo Beach, CA 93449.

4. Bluebird is in the business of providing portable electronic cooling cases for portable electronic devices, including the products that are at issue in this lawsuit. Bluebird advertises, markets, and sells its products, including the products that are the subject of the patent infringement alleged in this lawsuit, to the public throughout the United States, including within this judicial district.

## NATURE OF THE ACTION

5. This is a civil action for infringement of U.S. Patent Nos. 11,392,185 (the ’185 Patent) and 10,838,469 (the ’469 Patent) under the patent laws of the United States, including, without limitation, 35 U.S.C. § 271 *et seq.*

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

7. This Court has personal jurisdiction over Bluebird. Upon information and belief, Bluebird maintains a regular and established place of business in this judicial district. This Court also has personal jurisdiction over Bluebird because, upon information and belief, Bluebird has committed, aided, abetted, contributed to, and/or participated in the commission of patent infringement in this judicial district.

8. Upon information and belief, Bluebird sells and offers to sell its

infringing products directly through its website to the public throughout the United States, including this judicial district.

9. Bluebird has its headquarters and principal place of business within this judicial district. Bluebird lists the following address as its principal place of business with the California Secretary of State: 230 Surf St., Pismo Beach, CA 93449.

10. Venue is proper in this judicial district under 28 U.S.C. § 1400(b). Bluebird is a California limited liability company whose principal place of business, 230 Surf St., Pismo Beach, California, is located in San Luis Obispo County, within the Western Division of this District. Upon information and belief, venue is independently proper under § 1400(b) because Bluebird has committed acts of infringement in this District and, upon information and belief, maintains a regular and established place of business in this District.

## FACTUAL BACKGROUND

11. X-Naut designs, manufactures, markets and sells cases and mounts for electronic devices, including but not limited to cooling cases, mounts, docking and charging stations.

12. X-Naut was established by pilot and designer, Darren Saravis.

13. Darren Saravis is the named inventor, applicant, and record owner of a number of patents related to cases and mounts for electronic devices, which patents include US Patent Nos. 11,392,185 (the ’185 Patent) and 10,838,469 (the ’469 Patent) (collectively the “X-Naut Patents”).

14. Darren Saravis exclusively licenses the X-Naut Patents to X-Naut. X-Naut has standing to sue for past and present infringement of the X-Naut Patents.

15. X-Naut sells several products covered by the X-Naut Patents which include a series of products sold under the commercial names X-30, X-90 and FlexGrip.

**A. The ’185 Patent**

16. Attached as Exhibit A is a true and correct copy of the ’185 Patent.

17. The ’185 Patent issued on July 19, 2022 to Applicant and Inventor Darren Saravis with a title of TEMPERATURE REGULATING MOUNT.

18. X-Naut is the exclusive licensee of the ’185 Patent and has standing to sue for past and present infringement of the ’185 Patent.

**B. The ’469 Patent**

19. Attached as Exhibit B is a true and correct copy of the ’469 Patent.

20. The ’469 Patent issued on November 17, 2020 to Applicant and Inventor Darren Saravis with a title of TEMPERATURE REGULATING MOUNT.

21. X-Naut is the exclusive licensee of the ’469 Patent and has standing to sue for past and present infringement of the ’469 Patent.

**C. Actual Notice to Bluebird**

22. While X-Naut marks its products Patented and Patent Pending, as appropriate, on April 13, 2026, Darren Saravis, X-Naut’s CEO and President, through his counsel, sent Bluebird a letter (the “Notice Letter”) notifying Bluebird that certain of its products infringe one or more claims of the X-Naut Patents.

23. The Notice Letter provided Bluebird with actual notice of the ’469 Patent and the ’185 Patent, each of which is identified by number in the Notice Letter, and of Plaintiffs’ infringement allegations. The Notice Letter included a claim chart applying claim 13 of the ’469 Patent to Bluebird’s accused product. A true and correct copy of the Notice Letter is attached hereto as Exhibit C.

24 Notwithstanding its actual knowledge of the X-Naut Patents since at least April 13, 2026, Bluebird has continued to make, use, offer for sale, sell, and/or import the Accused Products, and, upon information and belief, has since introduced an additional accused product, the Pilot Case Mini Six G2, described

below.

## BLUEBIRD PRODUCTS

25. Bluebird sells, among other things, cooling mounts for electronic devices to the public through at least its website at https://bluebirdaeroproducts.com/. The Pilot Case Mini Five, Pilot Case Mini Six, and Pilot Case Mini Six G2 products described below, and any other Bluebird products not colorably different from them, are referred to collectively as the "Accused Products."

**A. Pilot Case Mini Five**

26. Bluebird sells a series of products under the commercial name "Pilot Case Mini Five (for iPad Mini 5)." A true and correct copy of a screenshot of Bluebird's website offering such Pilot Case Mini Five product for sale is attached as Exhibit D.

**B. Pilot Case Mini Six**

27. Bluebird sells a series of products under the commercial name "Pilot Case Mini Six (for iPad Mini 6, 7 & A17)." A true and correct copy of a screenshot of Bluebird's website offering such Pilot Case Mini Six product for sale is attached as Exhibit E.

**C. Pilot Case Mini Six G2**

28. Upon information and belief, after receiving the Notice Letter, Bluebird began selling a product under the commercial name "Pilot Case Mini Six G2 (for iPad Mini 6, 7 & A17)." Upon information and belief, the Pilot Case Mini Six G2 includes the same fan-cooled recessed compartment, securing mechanism, and angled vent openings as the Pilot Case Mini Six. A true and correct copy of a screenshot of Bluebird's website offering the Pilot Case Mini Six G2 for sale is attached as Exhibit F.

//

//

**COUNT I**

**INFRINGEMENT OF UNITED STATES PATENT NO. 11,392,185**

29. X-Naut incorporates by reference the allegations in paragraphs 1 through 28 above.

30. Bluebird directly infringed and continues to infringe the ’185 Patent by making, using, offering for sale, selling, and/or importing the Accused Products.

31. By way of example, Bluebird’s Pilot Case Mini Six product infringes at least claim 13 of the ’185 Patent.

32. The preamble of claim 13 recites: “A cooling mount for engaging a portable electronic device, the cooling mount comprising:”

33. As shown in the thumbnail images below and stated by Bluebird in Exhibit E, Bluebird’s Pilot Case Mini Six includes an “internal high-efficiency fan to draw in cool air and direct it across the back of your iPad.”






34. As shown above, Bluebird’s Pilot Case Mini Six is “a cooling mount for engaging a portable electronic device.”

35. The first element of claim 13 recites: “a housing having a securing

mechanism for mounting an electronic device to the front of the cooling mount."

36. As shown below, Bluebird's Pilot Case Mini Six includes at least one or more securing mechanisms that can be used alone or in combination for mounting an electronic device to the front of the cooling mount. As shown below, Bluebird's Pilot Case Mini Six includes a snap-fit securing mechanism in which at least four edges of the case include a molded lip or protrusion that catches onto the edges of the electronic device to secure the electronic device to the case.




37. Claim 13 next recites that "the housing further including a recessed compartment for engaging the back of the electronic device and having at least one fan."

38. As shown in the images below, the housing of Bluebird's Pilot Case Mini Six includes a recessed compartment that engages the back of the electronic device and has at least one fan. As shown below, Bluebird's Pilot Case Mini Six includes an internal cavity (i.e., recessed compartment) having side walls for housing the electronic device.

//




39. Claim 13 next recites "wherein the at least one fan is positioned to blow air on the back of the electronic device when the electronic device is mounted to the cooling mount."

40. As shown in the images above, the fan is positioned to blow air on the back of the electronic device when the electronic device is mounted to the cooling mount. Further, as shown in Exhibit E, Bluebird states that its Pilot Case Mini Six "uses an internal high-efficiency fan to draw in cool air and direct it across the back of your iPad."

41. Claim 13 next recites "the recessed compartment further includes at least one opening positioned in angled relationship to the at least one fan to vent the air from the at least one fan."

42. As shown in the front and rear images below of Bluebird's Pilot Case Mini Six, the recessed compartment of Bluebird's Pilot Case Mini Six includes at least one opening positioned in angled relationship to the at least one fan to vent the air from the at least one fan. In particular, as shown below, Bluebird's Pilot Case Mini Six includes multiple openings that are angled relative to the fan.

//







43. Claim 13 next recites "wherein the portable electronic device, when positioned in the cooling mount is positioned over both the at least one fan and the at least one opening positioned in angled relationship to the at least one fan."

44. As shown below, the portable electronic device is positioned over both the at least one fan and the at least one opening positioned in angled relationship to the at least one fan. As shown in the top view images below of the case with and without a portable electronic device positioned in the cooling mount, the angled openings are positioned inwardly of the side walls of the case. Accordingly, at least one of the angled openings, if not all, is positioned under the electronic device when the electronic device is positioned in the mount.

//




45. Further, upon information and belief, Bluebird's Pilot Case Mini Five and Pilot Case Mini Six G2 products include the same features as those of Bluebird's Pilot Case Mini Six shown above. Accordingly, Bluebird's Pilot Case Mini Five and Pilot Case Mini Six G2 products infringe at least claim 13 of the '185 Patent for exactly the same reasons as Bluebird's Pilot Case Mini Six product shown above infringes claim 13 of the '185 Patent.

46. To the extent that any claim limitation is not met literally, it is met under the doctrine of equivalents. Each of the Accused Products performs the same function in the same way to achieve the same result as recited by all the claim limitations in claim 13 of the '185 Patent.

47. Bluebird induces and continues to induce infringement of one or more claims of the '185 patent, including but not limited to claim 13 of the '185 Patent, by inducing its customers and other third parties to use without authorization the Accused Products alone, or in connection with portable electronic devices (e.g., iPad Mini 5, 6, 7 and/or A17). The use, without authorization, of such Bluebird products constitutes infringement, literally or under the doctrine of equivalents, of one or more claims of the '185 Patent by

such customers or third parties.

48. Bluebird's acts of inducement include: providing its customers with their Pilot Case Mini products and intending customers to use such cases with portable electronic devices (e.g., iPad Mini 5, 6, 7 and/or A17); advertising these products and their intended use with portable electronic devices through at least its own website (for example, https://bluebirdaeroproducts.com/) and providing instructions on how to use these products, which can be found, for example, under the FAQ section for each product on its website. Bluebird supplied and continues to supply these cases, with the knowledge of the '185 Patent.

49. Bluebird has contributed to and continues to contribute to the infringement of one or more claims of the '185 patent, including but not limited to claim 13 of the '185 Patent, by, without authority, selling and/or offering to sell within the United States, importing, and/or supplying its Pilot Case Mini products. The Accused Products constitute a material part of the invention claimed in the '185 Patent and are especially made and especially adapted for use in infringing the '185 Patent, and their use by Bluebird's customers with portable electronic devices infringes, either literally or under the doctrine of equivalents, one or more claims of the '185 Patent. Again, Bluebird supplied and continues to supply these cases, with the knowledge of the '185 Patent. Further, Bluebird specially makes these cases to be combined with portable electronic devices as claimed in the '185 Patent. Moreover, Bluebird knows that there is no substantial non-infringing use of these cases and represents that these cases are specifically for use with portable electronic devices.

50. As a direct and proximate consequence of the infringement, X-Naut has been, is being, and will continue to be injured in its business and property rights unless such acts and practices are enjoined by the Court, and has suffered, is suffering, and will continue to suffer injury and damages for which it is entitled to relief under 35 U.S.C. § 284 adequate to compensate for such infringement,

but in no event less than a reasonable royalty.

51. Bluebird has had actual knowledge of the X-Naut Patents since at least April 13, 2026, and has nonetheless continued its infringing conduct and, upon information and belief, expanded it by introducing the Pilot Case Mini Six G2. Bluebird's infringement has been and continues to be willful, deliberate, and egregious, entitling Plaintiffs to seek enhanced damages under 35 U.S.C. § 284.

**COUNT II**

**INFRINGEMENT OF UNITED STATES PATENT NO. 10,838,469**

52. X-Naut incorporates by reference the allegations in paragraphs 1 through 51 above.

53. Bluebird directly infringed and continues to infringe the '469 Patent by making, using, offering for sale, selling, and/or importing the Accused Products.

54. By way of example, Bluebird's Pilot Case Mini Six product infringes at least claim 13 of the '469 Patent.

55. The preamble of claim 13 recites: "A cooling mount for engaging a portable electronic device, the cooling mount comprising:"

56. As shown in the thumbnail images below and stated by Bluebird in Exhibit E, Bluebird's Pilot Case Mini Six includes an "internal high-efficiency fan to draw in cool air and direct it across the back of your iPad."

//

//

//

//

//

//

//

//






57. As shown above, Bluebird's Pilot Case Mini Six is "a cooling mount for engaging a portable electronic device."

58. The first element of claim 13 recites: "a housing having a securing mechanism for mounting an electronic device to the front of the cooling mount."

59. As shown below, Bluebird's Pilot Case Mini Six includes at least one or more securing mechanisms that can be used alone or in combination for mounting an electronic device to the front of the cooling mount. As shown below, the Bluebird's Pilot Case Mini Six includes a snap-fit securing mechanism where at least four edges of the case include a molded lip or protrusion that catches onto the edges of the electronic device to secure the electronic device to the case.

//

//

//

//

//

//

//




60. Claim 13 next recites that "the housing further including a recessed compartment for engaging the back of the electronic device and having at least one fan."

61. As shown in the images below, the housing of Bluebird's Pilot Case Mini Six includes a recessed compartment that engages the back of the electronic device and has at least one fan. As shown below, Bluebird's Pilot Case Mini Six includes an internal cavity (i.e., recessed compartment) having side walls for housing the electronic device.

//

//

//

//

//

//

//

//

//




62. Claim 13 next recites "wherein the at least one fan is positioned to blow air on the back of the electronic device when the electronic device is mounted to the cooling mount."

63. As shown in the images above, the fan is positioned to blow air on the back of the electronic device when the electronic device is mounted to the cooling mount. Further, as shown in Exhibit E, Bluebird states that its Pilot Case Mini Six "uses an internal high-efficiency fan to draw in cool air and direct it across the back of your iPad."

64. Claim 13 next recites "the recessed compartment further includes at least one opening positioned in angled relationship to the at least one fan to vent the air after the air is blown on the back of the electronic device directly our of the cooling mount." This claim limitation includes an obviously typographical error and the word "our" should read "out."

65. As shown in the front and rear images below of Bluebird's Pilot Case Mini Six, the recessed compartment of Bluebird's Pilot Case Mini Six includes at least one opening positioned in angled relationship to the at least one fan to vent the air after the air is blown on the back of the electronic device directly out of the

cooling mount. In particular, as shown below, Bluebird's Pilot Case Mini Six includes multiple openings that are angled relative to the fan.







66. Again, as shown in Exhibit E, Bluebird states that its Pilot Case Mini Six "uses an internal high-efficiency fan to draw in cool air and direct it across the back of your iPad."

67. Claim 13 next recites "wherein the portable electronic device, when positioned in the cooling mount is positioned over both the at least one fan and the at least one opening positioned in angled relationship to the fan."

68. As shown below, the portable electronic device is positioned over both the at least one fan and the at least one opening positioned in angled relationship to the fan. As shown in the top view images below of the case with

and without a portable electronic device positioned in the cooling mount, the angled openings are positioned inwardly of the side walls of the case. Accordingly, at least one of the angled openings, if not all, is positioned under the electronic device when the electronic device is positioned in the mount.




69. Further, upon information and belief, Bluebird's Pilot Case Mini Five and Pilot Case Mini Six G2 products include the same features as those of Bluebird's Pilot Case Mini Six shown above. Accordingly, Bluebird's Pilot Case Mini Five and Pilot Case Mini Six G2 products infringe at least claim 13 of the '469 Patent for exactly the same reasons as Bluebird's Pilot Case Mini Six product shown above infringes claim 13 of the '469 Patent.

70. To the extent that any claim limitation is not met literally, it is met under the doctrine of equivalents. Each of the Accused Products performs the same function in the same way to achieve the same result as recited by all the claim limitations in claim 13 of the '469 Patent.

71. Bluebird induces and continues to induce infringement of one or more claims of the '469 Patent, including but not limited to claim 13 of the '469

Patent, by inducing its customers and other third parties to use without authorization the Accused Products alone, or in connection with portable electronic devices (e.g., iPad Mini 5, 6, 7 and/or A17). The use, without authorization, of such Bluebird products constitutes infringement, literally or under the doctrine of equivalents, of one or more claims of the ’469 Patent by such customers or third parties.

72. Bluebird’s acts of inducement include: providing its customers with their Pilot Case Mini products and intending customers to use such cases with portable electronic devices (e.g., iPad Mini 5, 6, 7 and/or A17); advertising these products and their intended use with portable electronic devices through at least its own website (for example, https://bluebirdaeroproducts.com/) and providing instructions on how to use these products, which can be found, for example, under the FAQ section for each product on its website. Bluebird supplied and continues to supply these cases, with the knowledge of the ’469 Patent.

73. Bluebird has contributed to and continues to contribute to the infringement of one or more claims of the ’469 patent, including but not limited to claim 13 of the ’469 Patent, by, without authority, selling and/or offering to sell within the United States, importing, and/or supplying its Pilot Case Mini products. The Accused Products constitute a material part of the invention claimed in the ’469 Patent and are especially made and especially adapted for use in infringing the ’469 Patent, and their use by Bluebird’s customers with portable electronic devices infringes, either literally or under the doctrine of equivalents, one or more claims of the ’469 Patent. Again, Bluebird supplied and continues to supply these cases, with the knowledge of the ’469 Patent. Further, Bluebird specially makes these cases to be combined with portable electronic devices as claimed in the ’469 Patent. Moreover, Bluebird knows that there is no substantial non-infringing use of these cases and represents that these cases are specifically for use with portable electronic devices.

74. As a direct and proximate consequence of the infringement, X-Naut has been, is being, and will continue to be injured in its business and property rights unless such acts and practices are enjoined by the Court, and has suffered, is suffering, and will continue to suffer injury and damages for which it is entitled to relief under 35 U.S.C. § 284 adequate to compensate for such infringement, but in no event less than a reasonable royalty.

75. Bluebird has had actual knowledge of the X-Naut Patents since at least April 13, 2026, and has nonetheless continued its infringing conduct and, upon information and belief, expanded it by introducing the Pilot Case Mini Six G2. Bluebird's infringement has been and continues to be willful, deliberate, and egregious, entitling Plaintiffs to seek enhanced damages under 35 U.S.C. § 284.

**PRAYER FOR RELIEF**

WHEREFORE, X-Naut asks this Court to enter judgment against Bluebird and against its respective subsidiaries, affiliates, agents, servants, employees, and all persons in active concert or participation with them, granting the following relief:

A. An award of damages adequate to compensate X-Naut for the infringement that has occurred, together with prejudgment and post-judgment interest from the date infringement of the X-Naut Patents began, attorneys' fees, and statutory costs, with trebling for willfulness;

B. An award to X-Naut of all remedies available under 35 U.S.C. § 284;

C. An award to X-Naut of all remedies available under 35 U.S.C. § 285;

D. A preliminary and permanent injunction prohibiting further infringement of the X-Naut Patents by Bluebird; and,

E. Such other and further relief as this Court or a jury may deem proper and just.

//

//

## DEMAND FOR JURY TRIAL

X-Naut demands a trial by jury on all issues so triable.

Dated: September 11, 2026 Avyno Law P.C.

By: /s/ Jennifer Hamilton
Jennifer Hamilton
Attorneys for Plaintiff, X-Naut LLC